McGREGOR W. SCOTT
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95914
Telephone: (916) 554-2772

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN HEMBREE,<br><br>　　　　　Defendant. | CR. S. NO 05-0292-FCD<br><br>STIPULATION AND PROTECTIVE ORDER RE: DISCOVERY OF CHILD PORNOGRAPHY MATERIAL |

INTRODUCTION

Plaintiff United States of America, by and through its attorneys, McGregor W. Scott, United States Attorney for the Eastern District of California, and Samuel Wong, Assistant United States Attorney, on the one hand, and Defendant Steven Hembree ("Defendant") and his attorney, Assistant Federal Defender Timothy Zindel ("Defense Counsel"), on the other hand, hereby stipulate and agree, and on that basis seek confirmation by order of the Court, as follows:

　　1.　Purpose

　　The purpose of this Protective Order is to allow Defendant's

1

1  counsel to have reasonable access to additional discovery in the
2  above-entitled action.  Such additional discovery consists of the
3  data contained on the hard drives of the computers seized from
4  Defendant's residence in 2000.  Defendant's counsel has informed
5  the United States that he wishes to retain a consultant to examine
6  Defendant's computers.  The United States has agreed to make copies
7  of Defendant's computer hard drives for the defense, assuming
8  Defendant's Consultant, Jeff Fischbach, supplies the necessary
9  blank hard drives or other appropriate electronic media on which to
10 copy the information from Defendant's computer hard drives.
11 Because copies of the computer hard drives will contain image files
12 depicting minors engaged in sexually explicit conduct, the United
13 States requests that this Court issue the proposed protective order
14 which will prevent the discovery material from being made public or
15 used in any unlawful manner.
16     Defendant, Defense Counsel, and Defendant's Consultant agree
17 that the production of Protected Material as defined herein, is
18 governed and subject to Rule 16 of the Federal Rules of Criminal
19 Procedure and the child victim privacy provisions of 18 U.S.C.
20 § 3509(d).  Defendant, Defense Counsel, and Defendant's Consultant
21 expressly recognize that any disclosure of protected material in
22 violation of any terms of this protective order will subject them
23 to the penalties and remedies set forth in Section 9 of this
24 protective order.
25     2.   Definitions.
26          A.   Defense Counsel: Defense Counsel means the counsel
27 of record representing Defendant in the above-captioned matter, who
28 has signed this agreement.  It does not mean any other person

2

1 associated with the counsel of record's firm or agency, including
2 but not limited to other counsel and secretarial and support
3 personnel.
4       B.   <u>Defense Consultant</u>:  Defendant's Consultant means the
5 computer consultant, Jeff Fischbach, who has been retained by
6 Defense Counsel to examine copies of the Defendant's computer hard
7 drives.
8       C.   <u>Protected Material</u>: Protected material means any
9 visual depiction of a minor engaged in sexually explicit conduct,
10 as defined in 18 U.S.C. § 2256(2), and child pornography, as
11 defined in 18 U.S.C. § 2256(8).
12       D.   <u>Visual Depiction</u>: Visual depiction shall have the
13 meaning given that term in 18 U.S.C. § 2256(5).
14       E.   <u>Computer</u>: Computer shall have the meaning given that
15 term in 18 U.S.C. § 1030(e).
16   3.   <u>Production of Protected Material.</u>
17     The United States agrees to provide Defense Counsel with
18 mirrored images of the Defendant's computer hard drives which shall
19 contain Protected Material.
20   4.   <u>Use of Protected Material.</u>
21       A.   <u>General</u>: The hard drives and protected material
22 produced under this Protective Order, shall be used solely for the
23 purposes of this criminal proceeding and for no other purpose.
24 Persons having access to Protected Material shall not disclose or
25 provide Protected Material to any person not authorized under this
26 Protective Order.  No Protected Material may be made available to,
27 or in any manner revealed to, any other person, except: (1) solely
28 ///

3

in accordance with the procedures set forth in this Protective Order; or (2) upon further Court order.

B. <u>Advise of Counsel</u>: Nothing under this Protective Order shall bar or otherwise restrict Defense Counsel from rendering advice to Defendant with respect to this action, and in the course thereof, relying in a general way upon examination of any Protected material.  However, in rendering such advice and in otherwise communicating with Defendant, Defense Counsel shall not disclose the contents of any Protected Material contrary to the terms and intent of this Protective Order.

5. <u>Access to Protected Material.</u>

A. <u>General</u>: The hard drives and Protected Material produced by the United States to Defense Counsel, shall be maintained in a locked and secure room, cabinet, and/or safe.  The secured area shall be accessible only to Defense Counsel and other persons authorized by this Protective Order.

B. <u>Permissible Disclosures</u>: Protected Material may be disclosed to Defense Counsel and Court Officials involved in this criminal proceeding.  Defense Counsel shall have access to and may use Protected Material only for the purpose of this action.  Prior to receiving access to the Protected Material, Defense Counsel must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understands this Protective Order and has agreed to be bound by its terms.  Defense Counsel shall file the signed acknowledgment with the Court within five (5) calendar days of its execution.  Protected Material also may be disclosed to the following persons:

4

      C.  <u>Outside Consultants and Experts</u>: Disclosure may be made to one (1) outside consultant, Jeff Fischbach, retained for the purpose of assisting Defense Counsel in the defense of this criminal matter to the extent reasonably necessary for the defense of this criminal matter; provided, however, that the person to whom disclosure is made must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understands this Protective Order and has agreed to be bound by its terms.  Defense counsel shall be permitted to transfer the protected materials to the outside consultant retained in this case by trackable overnight delivery service, such as Federal Express, DHL Courier, United Parcel Service, or United States Express Mail, and the outside consultant may return them by the same means.  Defense Counsel shall file the signed acknowledgment with the Court within five (5) calendar days of its execution.  If Defense Counsel determines that additional experts are needed to review the material, Defense Counsel shall obtain a further order of the Court before allowing any other individual to review the Protected Material.

      C.  <u>Investigator and Paralegal</u>:  Disclosure may be made to one investigator and one paralegal retained for the purpose of assisting Defense Counsel in the defense of this criminal matter to the extent reasonably necessary for the defense of this criminal matter; provided, however, that the person to whom disclosure is made must signify assent to the terms of this Protective Order by executing the acknowledgment attached as Appendix A, indicating that he or she has read and understands this Protective Order and has agreed to be bound by its terms.  Defense Counsel shall file

5

1  the signed acknowledgment with the Court within five (5) calendar
2  days of its execution.  If Defense Counsel determines that an
3  additional investigator and/or paralegal is needed to review the
4  material, Defense Counsel shall obtain a further order of the Court
5  before allowing any other individual to review the Protected
6  Material.

7       D.  <u>Defendant</u>: Defendant himself shall not under any
8  circumstance be permitted to access or view any document, file, or
9  visual depiction containing actual or alleged child pornography
10 without petition to, and further order of, the court.  Defendant
11 may access and review any document, file, or visual depiction that
12 does not contain actual or alleged child pornography for the
13 limited purpose of assisting in the preparation of his defense in
14 the presence of Defense Counsel and under the direct supervision
15 and control of Defense Counsel.  Prior to receiving access to any
16 Protected Material in accordance with the terms of this Protective
17 Order, Defendant must signify assent to the terms by executing the
18 acknowledgment attached as Appendix A, indicating that he has read
19 and understands this Protective Order and has agreed to be bound by
20 its terms.  Defense Counsel shall file the signed acknowledgment
21 with the Court within five (5) calendar days of its execution.

22       E.  Persons permitted to access and view Protected
23 Material pursuant to the terms of this Protective Order shall be
24 protected from prosecution while possessing the Protected Material
25 relevant to this case, in accordance with the terms and provisions
26 of this order.
27 ///
28 ///

     6.   <u>Handling of Protected Material</u>

         A.   <u>Examination of Protected Material</u>: No person, other than those persons identified in Section 5 who have executed the acknowledgment attached as Appendix A, may examine the Protected Materials without further court order. The hard drives and Protected Materials must remain under the control of Defense Counsel, and examination of the Protected Materials shall be done in a confined and secure environment which shall be inaccessible to individuals not authorized by the Protective Order. A copy of this Protective Order shall be maintained with the Protected Material at all times. Under no circumstances shall the Protected Materials be mailed, transmitted or otherwise removed from the confined and secure environment.

         B.   <u>Copies of Protected Material</u>: No copies of any image file or visual depiction of minors engaged in sexually explicit conduct, or child pornography, contained on the computer hard drives may be made without further court order. This prohibition includes, but is not limited to, (1) printing out images onto paper or film: and (2) duplicating the images in any digital format. Documents and non-image files such as word processing files, e-mails (redacted of references to Child Pornography, <u>e.g.</u>, web-addresses), and other text files may be duplicated to the extent necessary to prepare the defense of this criminal matter. If these documents are printed or duplicated, neither the photocopier nor the printer may be connected to the Internet or any other Computer network.

///

///

7

      C.  <u>Internet or Network Access</u>: Any computer from which the Protected Material will be accessed shall not be connected to the Internet or to any other Computer network.

      D.  <u>Termination of Participation in Action</u>: Once participation in this criminal proceeding by any person obtaining Defendant's computer hard drives and Protected Material pursuant to Section 5 has been terminated at the district court level, all hard drives and Protected Material in the possession of such person shall be returned by such person within ten (10) calendar days to the case agent for the United States.

7.  <u>Amendment</u>.

    This Protective Order may be amended by agreement of Defense Counsel and the United States in the form of a written stipulation filed with the Court and subject to the Court's approval.

8.  <u>Effective Period</u>.

    This Protective Order shall be effective immediately upon entry by the Court.  It shall survive termination of this action, and the Court shall retain jurisdiction to enforce or modify its terms.

///
///
///
///
///
///
///
///
///

9. <u>Penalties for Breach</u>.

This Protective Order shall be strictly enforced by the Court, and any violation may result in sanctions by this Court and in state or federal criminal charges for possession or dissemination of child pornography.

IT IS SO STIPULATED.

```
                                    MCGREGOR W. SCOTT
                                    United States Attorney

Date:  June 8, 2006         By:  /s/ Samuel Wong
                                    SAMUEL WONG
                                    Assistant U.S. Attorney



Date:  June 8, 2006              /s/ Timothy Zindel
                                    TIMOTHY ZINDEL
                                    Assistant Federal Defender
                                    Attorney for Defendant
                                    Steven Hembree
```

_____

ORDER

Good cause appearing from the parties's stipulation, the Court adopts the parties' stipulation as its Order.

DATED: June 8, 2006.

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.criminal/hembree0292.stipord

9